OPINION
{¶ 1} Appellant, Christopher McIntosh, appeals a decision by the Middletown Municipal Court granting a default judgment in his favor and awarding $125 in damages. For the reasons set forth below, we affirm the decision of the trial court.
 {¶ 2} On June 12, 2003, appellant filed a complaint for malicious criminal prosecution and "other personal injury torts" against appellee, David Willis. The complaint sought actual damages in the amount of $4,700, special and punitive damages in the amount of $10,000, court costs, "and such other amounts and relief as the court deems just." Appellee failed to file an answer or otherwise respond to the complaint, and on July 15, 2003 appellant filed a motion for default judgment. On October 2, 2003, a hearing was held before a magistrate on the default judgment motion and on the issue of damages.
 {¶ 3} On December 2, 2003, the magistrate filed a decision granting the motion for default judgment. However, the magistrate found that the evidence presented on damages did not justify an award in the amount requested. The magistrate found compensatory damages in the amount of $125, which is the amount appellant paid to recover his impounded car ($75), and as court costs to have the underlying proceedings expunged from his record ($50). The magistrate found "no evidence to sustain the claims of reckless or malicious conduct by the Defendant [appellee] * * *." An entry granting judgment to appellant in the amount of $125 and costs was filed the same day.
 {¶ 4} Appellant subsequently filed objections to the magistrate's decision which were overruled by the trial court on February 13, 2004. This appeal follows.
 {¶ 5} Appellant presents one assignment of error, asserting that the trial court erred by adopting the magistrate's decision in its entirety. Appellant presents three issues for review and argument:
 {¶ 6} "1. Where malice has been factually alleged in a Complaint and a defendant files no Answer, malice need not be proven, for malice is, by Rule, judicially admitted.
 {¶ 7} "2. Proof of a `liability event' which caused the claimed injury need not include expert testimony when the causal relationship is a matter of common knowledge.
 {¶ 8} "3. It is improper to dismiss multiple tort claims with prejudice where these torts have been judicially admitted."
 {¶ 9} Appellant essentially contends that since he was awarded a default judgment against appellee, all the allegations in his complaint are admitted. See Civ.R. 8(D). Because the complaint alleges that appellee acted recklessly and maliciously, appellant contends that he is entitled to more than the $125 amount awarded by the trial court.
 {¶ 10} Appellant is correct that averments in a pleading to which a responsive pleading is required are admitted when not denied pursuant to Civ.R. 8(D). However, it is not correct that simply because certain conduct is deemed admitted, damages will follow. Civ.R. 8(D) reads in pertinent part as follows:
 {¶ 11} "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." (Emphasis added.)
 {¶ 12} Appellant was therefore required to prove his damages at the hearing held by the magistrate.
 {¶ 13} At the hearing, appellant claimed that appellee falsely told Middletown police that appellant had threatened him, resulting in appellant's arrest. Appellant stated that the case was subsequently dismissed when appellee, the complaining witness, failed to appear. Appellee testified at the hearing on damages that appellant did in fact threaten him, prompting a call to Middletown police. Appellee testified that police subsequently questioned appellant, searched his car, and found guns and some ammunition in appellant's vehicle. Appellee stated that the police officer then "pulled out a piece of paper a statement paper I had to sign it. At that time once I signed the paper he arrested [appellant]."
 {¶ 14} Appellant testified that appellee's actions put him in jail for about five hours, and that when he got out of jail he was "very upset." Appellant stated that "I re-live the event in my mind and it just bothers me greatly. I can't quantify it by saying one dollar or forty-seven-hundred it looked to me to be fair given the circumstances."
 {¶ 15} Because a default judgment was granted, appellee was deemed to have admitted reckless and malicious conduct. By failing to respond to the complaint, appellee has also admitted that he "maliciously instituted, continued, and maintained a criminal prosecution." Civ.R. 8(D). However, the evidence before the trial court was such that a reasonable finder of fact could have concluded that appellant himself was a contributing factor with respect to the malicious prosecution, and that the damage suffered by appellant as a result of appellee's conduct was minimal.
 {¶ 16} Not all tort actions warrant the assessment of punitive damages. Dillon v. Waller (Dec. 26, 1995), Franklin App. No. 95APE05-622. Evidence of actual malice is required before punitive damages are awarded. See id.; White v. Moody (1988), 51 Ohio App.3d 16.
 {¶ 17} In this case, the evidence with respect to damages is equivocal, and we must defer to the decision of the trial court. The magistrate was in the best position to determine the credibility of the witnesses and assess damages. See Musca Properties, LLC v. DeLallo,
Cuyahoga App. No. 84857, 2004-Ohio-1193. A trial court's decision to adopt, reject or modify a magistrate's report will not be reversed on appeal unless the decision constitutes an abuse of discretion. Wade v.Wade (1996), 113 Ohio App.3d 414. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 18} In the present case, we do not find the decision with respect to damages to be an abuse of discretion. The assignment of error is therefore overruled and the judgment of the trial court is affirmed.
Walsh and Young, JJ., concur.