JUDGMENT: AFFIRMED
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel.
 {¶ 2} The court entered a default judgment in favor of plaintiffs Francis X. Grady and Grady Associates (collectively referred to as "Grady"), on their claim that defendant AMT Group, Inc. violated the Telephone Consumer Protection Act, Section 227, Title 47, U.S. Code, by sending them unsolicited advertisements by fax machine. The court found 14 separate violations of the Act, and awarded damages of $7,000. Grady appeals, claiming that the court erred by not finding that there were 16 violations and further erred by not concluding that the faxes were sent willfully, thus entitling him to treble damages under the Act.
 {¶ 3} We find no error with the court's judgment, as the exhibits attached to Grady's complaint show that three of the faxes were received on January 1, 2005, at 10:56:34 p.m. While we could assume, without deciding, that separate faxes sent on the same date might constitute separate violations of the Act, we have no difficulty in deciding that faxes showing the same date and time are not proof of separate violations. Hence, the court correctly entered judgment for only one violation on January 1, 2005. In reaching this conclusion, we reject Grady's argument that AMT's failure to respond to the complaint somehow constituted an admission of 16 violations for purposes of Civ.R. 8(D). Grady's evidence contradicted his allegations, and that evidence is controlling.
 {¶ 4} We also find the court did not err by refusing to award treble damages under Section 227(b)(3), Title 47, U.S. Code. In doing so, we again reject Grady's argument that AMT's failure to deny the allegations of the complaint constituted a Civ.R. 8(D) admission of willful conduct under the Act. See McIntosh v. Willis, Butler App. No. CA2004-03-076,2005-Ohio-1925.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR