OPINION
{¶ 1} Plaintiff-appellant Darke County Veterinary Service, appeals from a judgment rendered in its favor by the Darke County Municipal Court on its complaint for collection upon an account. Veterinary Service contends that the trial court abused its *Page 2 
discretion with regard to the amount of damages awarded because it failed to award the amount requested in the complaint.
 {¶ 2} We conclude that the trial court did abuse its discretion with regard to damages. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings with regard to damages.
 I {¶ 3} Darke County Veterinary Service provided veterinary services to defendant-appellee Tim Rucker for the time period of March, 2003 through July 2006. While Rucker made some payments, he maintained a running balance on his account.
 {¶ 4} On April 20, 2007, Veterinary Service filed a complaint against Rucker in the Darke County Municipal Court. The complaint sought the sum of "$5,162.33, plus interest thereon at the rate of 2% per month until paid." Rucker failed to file an answer, and Veterinary Service filed a motion for default judgment.
 {¶ 5} The trial court, without a hearing, entered a judgment against Rucker in the amount of "$2,042.50, plus interest thereon at the rate of 8% per year until paid." The amount, $2,042.50, was a handwritten interlineated amendment to the typed figure shown on the judgment entry. The judgment did not set forth the reason for the trial court's deviation from the amount averred in the complaint nor the difference in the rate of interest. From this judgment, Veterinary Service appeals.
 II {¶ 6} The sole assignment of error is as follows: *Page 3 
 {¶ 7} "THE TRIAL COURT FAILED TO COMPLY WITH RULE 55 OF THE OHIO RULES OF CIVIL PROCEDURE WHEN IT REDUCED THE AMOUNT OF JUDGMENT PRAYED WITHOUT HEARING."
 {¶ 8} Veterinary Service contends that the trial court erred by reducing the amount of its judgment without holding a hearing.
 {¶ 9} It is within the trial court's discretion to decide whether an evidentiary hearing on damages is necessary following a default judgment. Buckeye Supply Co. v. Northeast Drilling Co. (1985),24 Ohio App.3d 134, 136. Generally a reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. Kaufman v. Byers, 159 Ohio App.3d 238, 823 N.E.2d 530,2004-Ohio-6346, at ¶ 37. Abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Without guessing, we cannot determine how the trial court arrived at the amount of damages awarded to Veterinary Services. The trial court may have disallowed some, or perhaps all, of the 2% per month interest charges reflected on the account, and may have properly done so in view of the absence of any evidence submitted by Veterinary Services to support pre-judgment interest in that amount, but we would merely be speculating in so concluding, since the trial court provided no reasoning for its interlineated judgment amount. Therefore, we cannot determine whether the trial court abused its discretion in its calculation of damages. Accordingly, we sustain Rucker's sole assignment of error and remand this cause for a clarification of the trial court's reasoning as to the amount of damages awarded. *Page 4 
 {¶ 11} The sole assignment of error is sustained.
 III {¶ 12} The sole assignment of error being sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings regarding damages.
 WOLFF, P.J., and BROGAN, J., concur. *Page 1