**HENRY, Appellee,**

v.

**RICHARDSON, Appellant.**

[Cite as *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

Nos. CA2010–05–110 and CA2010–05–127.

Decided May 2, 2011.

376

Patricia E. Henry, pro se.

Frederick J. McGavran and Erica F. O'Brien, for appellant.

HUTZEL, Judge.

{¶ 1} Defendant-appellant, Raymond Richardson, appeals a decision of the Fairfield Municipal Court awarding plaintiff-appellee, Patricia Henry, $6,304 in damages on a default judgment.

{¶ 2} In 2009, Henry filed a complaint against Richardson for personal injuries and property damages stemming from a February 24, 2009 automobile accident during which Richardson's vehicle rear-ended Henry's vehicle. On August 12, 2009, the trial court granted Henry's motion for default judgment. Richardson subsequently stipulated to liability. In April 2010, the trial court held a damages-only hearing. Henry, a native Spanish speaker who spoke only a limited amount of English, represented herself pro se.

{¶ 3} With help from the trial court, Henry examined three witnesses: Maria Lawler, D.C., the chiropractor who treated her after the accident; Larry Wahlbreck, an employee of an automobile repair shop that had prepared a damage estimate for Henry's car; and the responding police officer at the accident scene. Dr. Lawler testified that the cost of Henry's treatment from February 27 (three days after the accident) to June 1, 2009, was $6,304. Dr. Lawler's bill to Henry for $6,304 and photos of Henry's car after the accident were admitted into evidence. The damage estimate from the automobile repair shop ($7,738.12) was not admitted into evidence. On April 12, 2010, the trial court awarded Henry $6,304 in damages.

{¶ 4} Richardson appeals, raising three assignments of error.

{¶ 5} Assignment of error No. 1:

{¶ 6} "The trial court erred in arriving at a damage award not supported by competent and credible evidence."

{¶ 7} Richardson challenges the damages award on the grounds that (1) the trial court failed to support the award with specific findings and (2) the award was not supported by competent and credible evidence.

{¶ 8} It is well established that even though a party defaults and admits the allegations of the complaint or stipulates to liability, a plaintiff must still prove his or her damages. See *McIntosh v. Willis*, Butler App. No. CA2004–03–076, 2005-Ohio-1925, 2005 WL 941136. Because an award of damages is a discretionary matter, we will not reverse a trial court's decision regarding its determination of damages absent a showing that the court abused its discretion. *Reinbolt v. Kern*, 183 Ohio App.3d 287, 2009-Ohio-3492, 916 N.E.2d 1100, ¶ 38,

citing *Roberts v. United States Fid. & Guar. Co.* (1996), 75 Ohio St.3d 630, 634, 665 N.E.2d 664; *McIntosh*.[1]

{¶ 9} With regard to the trial court's lack of specific findings, we find that the court was not required to support its damages award with findings. Civ.R. 52, which governs trial-court findings, expressly states, "Findings of fact and conclusions of law required by this rule * * * are unnecessary upon all other motions including those pursuant to [Civ.R.] 55." Accordingly, Civ.R. 52 does not apply to proceedings on motion for default judgment under Civ.R. 55. See *White v. Morris* (Aug. 1, 1994), Ross App. No. 93CA1967, 1994 WL 409718; *Gordon v. Mezi* (Apr. 27, 1989), Cuyahoga App. No. 56205, 1989 WL 42264.

{¶ 10} Richardson argues that the damages award was not supported by competent and credible evidence because Henry failed to show that her injuries were caused by the accident. According to Richardson, Dr. Lawler did not testify that the accident was the cause of Henry's injuries, but instead implied that the accident aggravated a previous condition. However, "Dr. Lawler failed to delineate which treatments in the medical record were performed as a result of the accident and which may have been due to preexisting conditions at the time of the accident."

{¶ 11} A reviewing court may not reverse a damages award unless it is against the manifest weight of the evidence. *Hartkemeyer v. Ventling*, Butler App. No. CA2007–03–074, 2009-Ohio-93, 2009 WL 57634, ¶ 93; *Reinbolt*, 183 Ohio App.3d 287, 2009-Ohio-3492, 916 N.E.2d 1100, at ¶ 28. So long as there is competent, credible evidence, a judgment will not be reversed as being against the manifest weight of the evidence. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. Under *C.E. Morris Co.*,

---

1. In his brief, Richardson asserts that when reviewing a damages award resulting from a default judgment, "the determination of the kind and amount of damages to award is not committed to the trial court's discretion but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C)." Thus, appellate courts apply a de novo review. In support of his assertion, Richardson cites *McEnteer v. Moss*, Summit App. Nos. 22201 and 22220, 2005-Ohio-2679, 2005 WL 1283707, a decision from the Ninth Appellate District. The Fourth and Eighth Appellate Districts follow the Ninth Appellate District's example. See *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628; *Bransky v. Shahrokhi*, Cuyahoga App. No. 84262, 2005-Ohio-97, 2005 WL 77084. The standard of review espoused by the Ninth Appellate District has not been adopted by the Ohio Supreme Court. We decline to apply and/or adopt it. We note that several appellate districts apply the abuse-of-discretion standard of review when reviewing a damages award resulting from a default judgment. See, e.g., *Darke Cty. Veterinary Serv. v. Rucker*, Darke App. No. 1727, 2008-Ohio-4009, 2008 WL 3179210; *Columbus Invest. Group, Inc. v. Maynard*, Franklin App. Nos. 02AP–271 and 02AP–418, 2002-Ohio-5968, 2002 WL 31429808; *North Main Motors, Inc. v. Hayes* (May 30, 1997), Union App. No. 14–96–34, 1997 WL 282382.

the fact-finder is afforded great deference. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 26.

{¶ 12} Henry's first visit at the chiropractor's office was three days after the accident. Dr. Lawler testified that during that visit, Henry informed her that following the car accident with Richardson, she developed headaches, back pain, pain and/or weakness in her arms, and shoulder pain. Dr. Lawler examined Henry, took x-rays, and developed a treatment plan. The x-rays revealed changes in Henry's spine. Dr. Lawler explained the type of treatment Henry received, which was extensive the first four weeks in order to mobilize the spine and align any subluxation, or vertebras out of place. By the time the treatment was over on June 1, 2009, Henry was back on her feet, the pain was under control, and her back was strengthened. Dr. Lawler testified that the February 27 through June 1, 2009 treatment cost $6,304.

{¶ 13} With regard to Henry's prior condition, the record indicates that Henry had surgery on her neck at some point before the accident. Dr. Lawler testified that because Henry had no problems with her neck until after the accident, this was an aggravation of Henry's previous neck condition. Richardson's objection to this testimony for lack of a proper foundation was sustained by the trial court. Subsequently, Dr. Lawler briefly explained Henry's previous neck condition and the fact that the x-ray was showing some movement of the vertebras in the mid- and low-back area. Once again, Richardson objected. Dr. Lawler was then qualified as an expert witness and resumed her testimony. Richardson did not cross-examine Dr. Lawler. Henry testified that following the accident, she could not sleep that first night and could not lie on her back. Richardson did not cross-examine Henry.

{¶ 14} Upon reviewing the record, we find that competent, credible evidence supports the trial court's $6,304 damages award. Henry presented evidence that (1) the injuries and pain she suffered following the accident were caused by the accident, (2) she was treated by Dr. Lawler for her injuries and pain, and (3) the three-month treatment cost $6,304. While Dr. Lawler testified that the accident aggravated Henry's previous neck condition, this was not the only injury suffered by Henry following the accident. There was no testimony that the other injuries suffered by Henry were pre-existing conditions. There was also no testimony that the accident aggravated other previous conditions, if any, of Henry's. Richardson challenges the fact that Dr. Lawler did not explain which part of the treatment was for pre-existing conditions. However, Richardson elected not to cross-examine Dr. Lawler or Henry.

{¶ 15} In light of the foregoing, we find that the trial court did not abuse its discretion in awarding $6,304 in damages to Henry. Richardson's first assignment of error is overruled.

{¶ 16} Assignment of error No. 2:

{¶ 17} "The trial court erred in improperly acting as an advocate on behalf of plaintiff-appellee Henry, which unfairly prejudiced defendant-appellant Richardson."

{¶ 18} Richardson argues that the trial court improperly acted as Henry's advocate during the hearing by (1) asking her about her injuries, (2) laying out the foundation for expert testimony, (3) inquiring about her medical treatment, (4) attempting to show property damage, and (5) commending Henry's "valiant effort" in representing herself.

{¶ 19} As noted earlier, Henry, a native Spanish speaker who spoke only a limited amount of English, represented herself pro se at the hearing. The record shows that during Dr. Lawler's direct examination, the trial court (1) asked the witness one question, (2) told Henry that this was her opportunity to ask the witness questions, not for Henry to testify, (3) following an objection from Richardson, told Henry she needed to establish what previous injuries she had, (4) following another objection from Richardson, told Henry to ask the witness about her education, medical license, and practice, and (5) twice asked Henry whether she had any further questions.[2]

{¶ 20} During Wahlbreck's testimony, the trial court reminded Henry that this was her opportunity to ask the witness questions, not for Henry to testify; after asking defense counsel for some leeway, directly asked the witness whether he had any knowledge about the estimate; and helped Henry in formulating three questions to ask Wahlbreck about the damage estimate for her car.

{¶ 21} Henry testified on her own behalf. While Henry testified at length during her direct examination, the trial court also asked her several questions about her car, including the damages to the car, the current value of the car, whether she had another damage estimate, and whether the car had been repaired. The trial court also asked Henry about the expenses she had incurred for her injuries. At the conclusion of the hearing, before admitting photographs of Henry's car and Henry's $6,304 medical bill, the trial court praised Henry's "valiant effort to represent herself here under circumstances that are less than ideal."

{¶ 22} We begin by noting that Richardson did not object to the trial court's conduct during the hearing. He has therefore waived all but plain error.

---

2. Following Dr. Lawler's testimony about her education, license, and practice, Henry stated that she had no further questions. The trial court then asked Henry whether she was going to ask Dr. Lawler about her treatment. Following Dr. Lawler's testimony about the treatment Henry received, the trial court asked Henry whether she had any further questions. Henry then asked about the cost of her treatment.

*Kimble Mixer Co. v. St. Vincent,* Tuscarawas App. No.2005 AP 09 0068, 2006-Ohio-2258, 2006 WL 1230695, ¶ 89. On appeal from a civil case, the plain-error doctrine "may be applied only in the extremely rare case * * * where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Vermeer of S. Ohio, Inc. v. Argo Constr. Co.* (2001), 144 Ohio App.3d 271, 275, 760 N.E.2d 1; *Kimble Mixer Co.*

{¶ 23} Evid.R. 611(A) provides that a "court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Evid.R. 614(B), in turn, allows a trial court to "interrogate witnesses, in an impartial manner, whether called by itself or by a party."

{¶ 24} A "trial judge is something more than a mere umpire or sergeant at arms to preserve order in the courtroom. He has active duties to perform in maintaining justice and in seeing that the truth is developed * * *." *Jenkins v. Clark* (1982), 7 Ohio App.3d 93, 97, 7 OBR 124, 454 N.E.2d 541. As a result, a trial court should not hesitate to ask proper, pertinent, and even-handed questions when justice so requires. *Akron–Canton Waste Oil, Inc. v. Safety–Kleen Oil Serv., Inc.* (1992), 81 Ohio App.3d 591, 610, 611 N.E.2d 955. A trial court must use great care not to assume the role of an advocate, *Jenkins* at 97, and in fact abuses its discretion when it assumes such a role. *State v. Redon,* Cuyahoga App. No. 92611, 2009-Ohio-5966, 2009 WL 3765971, ¶ 11. However, " 'the rule is not so restrictive that [a court] is not permitted to participate in a search for the truth.' " Id., quoting *State v. Kight* (Sept. 9, 1992), Jackson App. No. 682, 1992 WL 226352. That is so because a trial court has an obligation " 'to control proceedings, to clarify ambiguities, and to take steps to insure substantial justice.' " Id., quoting *State v. Kay* (1967), 12 Ohio App.2d 38, 49, 41 O.O.2d 91, 230 N.E.2d 652. A trial court's interrogation of a witness is not deemed partial merely because it elicits evidence that is damaging to one of the parties. *Klasa v. Rogers,* Cuyahoga App. No. 83374, 2004-Ohio-4490, 2004 WL 1902539, ¶ 33.

{¶ 25} Because the case at bar did not involve a jury, the trial court is to be accorded greater flexibility in the way it conducted the hearing. See *Redon; Klasa;* see also *Vermeer of S. Ohio, Inc.* (purpose of Evid.R. 614(B) requiring a trial court's interrogation to be conducted in an impartial manner is to prevent the trial court from usurping the role of the jury). Upon reviewing the transcript of the hearing, we find that the trial court did not assume the role of an advocate.

{¶ 26} A "trial judge bears the ultimate duty of insuring that the truth emerges from the proceedings before him [or her]." Weissenberger's Ohio Evidence Treatise (2010) 118, Section 614.1. We find that in fulfilling its duty to see that the truth was developed, the trial court simply asked certain questions for purposes of clarification and did not demonstrate bias or prejudice in the way it conducted the hearing but, rather, demonstrated its desire to develop all the pertinent facts necessary for its determination. The damages hearing involved a pro se litigant on one side of the issue. We find that the trial court simply assisted Henry with explanations of how the hearing was to be procedurally conducted. There is no showing that in doing so, the trial court was acting partially or was doing anything more than ascertaining the facts in the case. See *Klasa,* 2004-Ohio-4490, 2004 WL 1902539; *Paulding–Putnam Coop., Inc. v. Kuhlman* (1997), 117 Ohio App.3d 156, 690 N.E.2d 52; *Patton v. Cuyahoga Cty. Bd. of Commrs.* (Dec. 4, 1986), Cuyahoga App. No. 51412, 1986 WL 13685. In other words, the trial court's questions, explanations, and overall conduct were directed toward advancing the goals set forth in Evid.R. 611, that is, to help the court, sitting as the trier of fact, in ascertaining the truth and to speed the process along and avoid needless consumption of time. *Vermeer of S. Ohio, Inc.,* 144 Ohio App.3d at 276, 760 N.E.2d 1.

{¶ 27} Richardson's second assignment of error is accordingly overruled.

{¶ 28} Assignment of error No. 3:

{¶ 29} "The trial court erred in admitting expert testimony before plaintiff-appellee Henry laid the proper foundation and qualified the witness as an expert."

{¶ 30} Richardson asserts that because much of the testimony supporting Henry's medical damages was elicited before Dr. Lawler was formally qualified, "this evidence may have been improperly admitted in calculating [Henry's] damages," that is, it may have been improperly considered by the trial court.

{¶ 31} Before she was qualified as an expert witness, Dr. Lawler testified that three days after the accident, Henry came to her office for treatment; Henry told her that she developed headaches, mid- and low-back pain, and shoulder and arm pain after the accident; and x-rays revealed changes in Henry's spine and the aggravation of Henry's previous neck condition. After she was qualified, Dr. Lawler explained the type of treatment Henry received. The treatment was extensive for the first four weeks in order to mobilize the spine and align any subluxation, or vertebras out of place. By the time the treatment was over on June 1, 2009, Henry was back on her feet, the pain was under control, and her

back was strengthened. Dr. Lawler testified that the February 27 through June 1, 2009 treatment cost $6,304.

{¶ 32} We begin by noting that Richardson's assertion that the trial court may have improperly considered some of the evidence is purely speculative. In addition, it is well established that a trial court is presumed to know the applicable law and apply it accordingly. See *State v. Lloyd*, Warren App. Nos. CA2007–04–052 and CA2007–04–053, 2008-Ohio-3383, 2008 WL 2635499; *Bush v. Signals Power & Grounding Specialists, Inc.*, Richland App. No. 08 CA 88, 2009-Ohio-5095, 2009 WL 3087202. Further, the trial court is presumed to consider only reliable, relevant, and competent evidence unless it affirmatively appears to the contrary. *Lloyd*. Therefore, we presume that the trial court considered and properly applied all applicable law.

{¶ 33} Contrary to Richardson, we are not convinced that Dr. Lawler testified as an expert witness. It is well established that treating physicians can be called at trial to testify as viewers of their patients' physical condition and not as experts retained in anticipation of litigation. See *Fischer v. Dairy Mart Convenience Stores, Inc.* (1991), 77 Ohio App.3d 543, 602 N.E.2d 1204. Evid.R. 701 allows treating physicians to render opinions based upon their personal observations and perceptions. See *Williams v. Reynolds Rd. Surgical Ctr.*, Lucas App. No. L–02–1144, 2004-Ohio-1645, 2004 WL 628972. In the case at bar, Dr. Lawler testified as a fact witness when she explained that she saw Henry three days after the accident and also when she explained the symptoms Henry was suffering from, the treatment she devised for Henry, and the length and cost of the treatment.

{¶ 34} Even assuming that Dr. Lawler testified as an expert witness, we nevertheless find that her postqualification testimony supports the trial court's award of $6,304 in damages to Henry. After she was qualified as a so-called expert witness, Dr. Lawler testified about the type of treatment Henry started receiving three days after the accident. The treatment was extensive for the first four weeks in order to mobilize the spine and align any subluxation, or vertebras out of place. By the time the treatment was over on June 1, 2009, Henry was back on her feet, the pain was under control, and her back was strengthened. Dr. Lawler testified that the February 27 through June 1, 2009 treatment cost $6,304.

{¶ 35} Richardson's third assignment of error is accordingly overruled.

Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.