[Cite as *Loreta v. Allstate Ins. Co.*, 2012-Ohio-3375.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97921**

# WILLIAM LORETA

PLAINTIFF-APPELLANT

vs.

# ALLSTATE INSURANCE COMPANY

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-735916

**BEFORE:** Cooney, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

Ravi Suri
850 Euclid Avenue
Suite 804
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Darrel A. Bilancini
Savoy & Balancini
249 Crestwood Drive
Avon Lake, Ohio 44035

COLLEEN CONWAY COONEY, P.J.:

{¶1} Plaintiff-appellant, William Loreta ("Loreta"), appeals the trial court's directed verdict in favor of defendant-appellee, Allstate Insurance Company ("Allstate"). Finding no merit to the appeal, we affirm.

{¶2} In September 2010, Loreta filed suit against Allstate, alleging a breach of contract regarding his Allstate insurance contract. Loreta claimed insufficient payment by Allstate for water damage at his home. In June 2011, Loreta's counsel filed a motion to withdraw, and the court granted the motion in September 2011. On January 5, 2012, less than two weeks prior to the date set for trial, Loreta filed a motion for continuance to allow time to obtain new counsel. The court denied his motion, and a jury trial was held on January 18, 2012, at which Loreta represented himself.

{¶3} At the close of Loreta's case, Allstate moved for a directed verdict, arguing that Loreta failed to present any evidence to suggest that there were damages greater than the amount that Allstate had already paid on the claim. The court granted Allstate's motion, finding that "[t]here was not admissible, competent evidence to establish the breach of contract and what damages were owing." The court continued by stating that "[t]here was no testimony from any competent witness that indicated what damages were allegedly caused, what the amount of those damages were, and that they were improperly rejected by Allstate."

{¶4} Loreta now appeals, raising three assignments of error.

**{¶5}** The standard of appellate review on a motion for directed verdict is de novo. *Grau v. Kleinschmidt*, 31 Ohio St.3d 84, 90, 509 N.E.2d 399 (1987). This court is to construe the evidence presented most strongly in favor of the nonmoving party and, after so doing, determine whether reasonable minds could only reach a conclusion that is against the nonmoving party. *Titanium Industries v. S.E.A. Inc.*, 118 Ohio App.3d 39, 691 N.E.2d 1087 (7th Dist.1997), citing *Byrley v. Nationwide Ins. Co.*, 94 Ohio App.3d 1, 640 N.E.2d 187 (6th Dist.1993), appeal not accepted, 70 Ohio St.3d 1441, 638 N.E.2d 1044 (1994). An appellate court does not weigh the evidence or test the credibility of the witnesses. *Id.* In considering the motion, this court "'assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence.'" *Becker v. Lake Cty. Mem. Hosp. W.*, 53 Ohio St.3d 202, 206, 560 N.E.2d 165 (1990), quoting *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 68, 430 N.E.2d 935 (1982).

**{¶6}** In his first assignment of error, Loreta argues that the trial court erred in acting as a "mere umpire that could not correct clear confusion" on his part instead of exercising reasonable control over witness examination as required by Evid.R. 611(A).[1] In his second assignment of error, Loreta argues that the trial court abused its discretion in

---

[1] Evid.R. 611(A) provides that a "court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."

entering a directed verdict before he had rested and in failing to allow him to reopen his case to present further evidence. In his third assignment of error, he argues that the trial court abused its discretion in failing to continue the trial after his key witness failed to attend. All of his arguments pertain to his pro se status and shall therefore be addressed together.

**{¶7}** Loreta argues that his pro se status should be considered when reviewing the court's decision to grant Allstate a directed verdict. However, in Ohio, pro se litigants are presumed to have knowledge of the law and of correct legal procedure, and are held to the same standard as all other litigants. *Barry v. Barry*, 169 Ohio App.3d 129, 133, 2006-Ohio-5008, 862 N.E.2d 143 (8th Dist.). Loreta cannot expect nor demand special treatment from the judge who is to sit as impartial arbiter. *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 676 N.E.2d 171 (8th Dist.1996).

**{¶8}** First, Loreta argues that the trial court did not clearly instruct him as to the procedures of the trial, but a review of the record reveals that the trial court attempted to explain the process to Loreta throughout the trial. Regardless, "[i]gnorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law. * * *" *Jones Concrete, Inc. v. Thomas*, 9th Dist. No. 2957-M, 1999 WL 1260308 (Dec. 22, 1999). Loreta must be bound by the same rules and standards as civil litigants represented by counsel.

**{¶9}** Furthermore, Loreta was aware of his counsel's desire to withdraw from the case as early as June 2011. Even if we were to assume that Loreta was unsure whether

counsel's motion to withdraw would be granted, Loreta knew at the latest in September 2011, when counsel's motion was granted, that he was without counsel. From September 2011 until January 2012, Loreta failed to obtain counsel or to timely seek a continuance in order to do so.

{¶10} Loreta cites *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, 951 N.E.2d 1123 (12th Dist.), to support his argument that the court should have given him more assistance in presenting his case. However, the instant case is easily distinguishable because *Henry* involved a damages-only hearing to the bench and not a jury. *Id.* at ¶ 25.

{¶11} As the Twelfth District Court of Appeals noted in *Henry*, the trial court's questions and conduct were directed toward helping the court ascertain the truth as the trier of fact. *Id.* at ¶ 26. The instant case involved a jury trial; thus the trial court was not warranted in assisting Loreta in any way that might be interpreted as usurping the role of the jury or showing partiality. Therefore, the trial court afforded Loreta the proper amount of instruction in representing himself pro se, and was not required nor authorized to assist him further.

{¶12} Second, Loreta argues that he had not rested when Allstate moved for and was granted a directed verdict. However, after a thorough review of the record, it is clear that Allstate properly moved for a directed verdict at the close of Loreta's case and in accordance with Civ.R. 50(A)(1). Loreta had no documents to present to the court and no additional witnesses. When asked if he had rested and whether he had any more

witnesses, Loreta responded, "Not to my knowledge so far. There could be more if we shopped around." The court was not in a position to grant Loreta additional leeway when none was requested.

{¶13} Finally, in terms of offering Loreta a continuance due to the contractor's failure to appear as a witness at trial, there is absolutely no record of Loreta's seeking a continuance, nor is there any mention or proffer of the contractor's anticipated testimony.

{¶14} Accordingly, Loreta's three assignments of error are overruled.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR