{¶ 1} Plaintiff-appellant, Brian D. Bohrer, pro se, appeals from the judgment of the common pleas court, rendered after a jury verdict, in favor of defendants-appellees, Bakers Square Restaurant and Vicorp Restaurants. We affirm.
 {¶ 2} In August 2005, Bohrer filed a complaint against Bakers Square and Vicorp.[1] Bohrer alleged that on March 25, 2002, as he was exiting the Bakers Square Restaurant at 60 Severance Circle in Cleveland Heights, his right foot became "lodged" in a crack in the parking lot, causing his left foot to slip and his right ankle to snap in half. Bohrer sought damages in excess of $25,000 for appellees' alleged negligence.
 {¶ 3} The trial court denied appellees' motion for summary judgment and the case proceeded to a jury trial. The record reflects that Bohrer presented the testimony of 11 witnesses, including himself. One witness testified on behalf of appellees. The jury subsequently found in favor of appellees, and the court rendered judgment accordingly. Bohrer now appeals.
 {¶ 4} Bohrer raises two assignments of error. In his first assignment of error, he contends that the jury verdict in favor of appellees was against the manifest weight of the evidence. In his second assignment of error, he argues that defense counsel improperly raised the issue of his sexual orientation to the jury, despite the trial court's pretrial ruling granting his motion in limine to exclude any reference to his sexual orientation.
 {¶ 5} It is well established that the duty to provide a transcript for appellate review falls upon the appellant. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197. Absent a transcript of the proceedings, a court will presume regularity and the validity of the judgment of the trial court. Corsaro, Giganti Assoc. v. Stanley (Sept. 21, 2000), Cuyahoga App. No. 77201, citing Ostrander v. Parker-FallisInsulation (1972), 29 Ohio St.2d 72, 74; In re Sublett (1959),169 Ohio St. 19, 20; State v. Wolf (Oct. 23, 1986), Cuyahoga App. No. 51124. Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. Corsaro, Giganti Assoc, supra, citingWolf, supra; Zashin, Rich, Sutula Monastra Co., L.P.A. v.Offenberg (1983), 90 Ohio App.3d 436.
 {¶ 6} Bohrer has provided this court with only a partial transcript of the trial for our review. Without a complete transcript, this court is unable to evaluate the errors of which he complains. We must presume the validity of the trial court proceedings and affirm the judgment of the trial court.[2]
 {¶ 7} Appellant's first and second assignments of error are overruled.
Affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, JUDGE
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] This was a refiling of a complaint that had been previously filed and dismissed.
[2] That part of the transcript which Bohrer did provide to us indicates that he raised no objection during counsel's opening argument to statements that he now contends were objectionable. Absent plain error, a failure to object waives a party's right to raise the issue on appeal. Cohen v. Cronado Beach Assn. (Feb. 10, 2000), Cuyahoga App. No. 75714. In light of the partial transcript provided, we find no plain error. *Page 1