[Cite as *Tisco Trading U.S.A., Inc. v. Cleveland Metal Exchange, Ltd.*, 2012-Ohio-1646.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97446

---

# TISCO TRADING USA, INC.

### PLAINTIFF-APPELLANT

vs.

# CLEVELAND METAL EXCHANGE, LTD.

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-747949

**BEFORE:** Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 12, 2012

**ATTORNEYS FOR APPELLANT**

Alex J. McCallion
John A. Murphy, Jr.
Millennium Centre — Suite 300
200 Market Avenue, North
P.O. Box 24213
Canton, OH 44701-4213

**ATTORNEYS FOR APPELLEES**

**For Cleveland Metal Exchange, Ltd.**

Cleveland Metal Exchange, Ltd.
c/o Randy Horvat
1900 Case Parkway
Twinsburg, OH 44087

**For Citizens Bank**

Richard W. Cline
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Tisco Trading USA, Inc. ("Tisco"), appeals from the trial court's judgment granting non-party Citizens Bank's motion to quash subpoena duces tecum. We affirm.

{¶2} In February and March 2008, Citizens Bank loaned defendant Cleveland Metal Exchange, Ltd. ("CME") more than $11 million pursuant to a credit and security agreement between Citizens and CME. Under the terms of the agreement, Citizens obtained a security interest in all of CME's assets. Citizen's filed a UCC1 on all assets of CME, rendering it a senior secured lender. CME subsequently defaulted on its obligations with Citizens. As a result, in September 2009, CME's assets were sold in an attempt to satisfy its outstanding debt obligations. The asset sale did not cover CME's debt; it still owes Citizens nearly $3.5 million.

{¶3} In July of 2009, Tisco, an importer and commercial dealer in metals, sold stainless steel coils worth $114,996.45 to CME. CME did not pay Tisco for the sale. Tisco subsequently filed suit against CME to collect the debt and, on June 29, 2011, was granted a default judgment in the amount of $114,996.45 plus interest against CME. Tisco subsequently served a subpoena duces tecum to non-party Citizens, requesting that Citizens produce "any and all documents relating in any fashion to Cleveland Metal Exchange and/or Randy Horvat * * *."[1] The purported purpose of the subpoena was to

---

[1] Tisco also served a similar subpoena duces tecum to First Place Bank. Non-party Horvat, former owner and principal of CME, filed a motion to quash or modify the subpoenas and for a

locate any asset of CME that could potentially satisfy Tisco's judgment. Citizens timely served upon Tisco written objections to the subpoena pursuant to Civ.R. 45(C)(2)(b).

**{¶4}** Upon receipt of the subpoena, Citizens and Tisco engaged in discussions to identify relevant documents and to narrow the scope of the subpoena. In response to a suggestion from Tisco that it would be able to "significantly narrow the scope of the subpoena" if Citizens produced the loan documents, Citizens produced the requested loan documents. Subsequently, Tisco sent a revised list of documents narrowing the scope of the subpoena, but later the same day, reversed its position and demanded "the entire bank file" and everything demanded in the original subpoena. Citizens subsequently produced additional documents responsive to the subpoena. Tisco remained unsatisfied with Citizens' production and subsequently filed a motion to show cause against Citizens.

**{¶5}** In response, Citizens filed a motion to quash, or in the alternative modify, Tisco's subpoena and for a protective order. Citizens argued that the subpoena was overly broad in scope, sought the production of confidential and proprietary information, imposed an undue burden and expense on Citizens, and Tisco failed to show a substantial need for the documents sought. After a hearing on the record, the trial court granted Citizens' motion to quash. Tisco now appeals from the trial court's judgment and

---

protective order on the basis that the subpoenas impermissibly sought discovery of personal financial records. In *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. No. 97114, 2012-Ohio-493, this court affirmed the trial court's judgment denying Horvat's motion. This court determined that Horvat's financial documents are relevant to Tisco's action to collect a debt against CME and are not protected by a privilege, and that Horvat had not demonstrated that producing the documents would be an undue burden for the banks. *Id.* at ¶ 11.

contends that the trial court erred in granting the motion to quash.

**{¶6}** When a party seeks an appeal, the appellant bears the burden of demonstrating error by reference to the record of the proceedings below, and it is appellant's duty to provide the reviewing court with an adequate transcript. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. *Bohrer v. Bakers Square Restaurant*, 8th Dist. No. 88143, 2007-Ohio-2223, ¶ 5, citing *Corsaro, Giganti & Assoc. v. Stanley*, 8th Dist. No. 77201, 2000 WL 1369900 (Sept. 21, 2000). Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. *Bohrer* at ¶ 5, citing *Corsaro*.

**{¶7}** The record reflects that the trial court held a hearing on the record regarding Citizens' motion to quash. No transcript of this hearing was provided for our review. Accordingly, we presume the regularity of the trial court proceedings and affirm its decision.

**{¶8}** Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR