[Cite as *Thomas v. Laws*, 2016-Ohio-8491.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104710

---

# JOAN JACOBS THOMAS

### PLAINTIFF-APPELLANT

## vs.

# BRIAN LAWS

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-857961

**BEFORE:** E.T. Gallagher, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** December 29, 2016

**FOR APPELLANT**

Joan Jacobs Thomas, pro se
31040 Lorain Road
North Olmsted, Ohio 44070


**FOR APPELLEE**

Brian Laws, pro se
3332 Virginia Avenue
Cleveland, Ohio 44109

EILEEN T. GALLAGHER, P.J.:

**{¶1}** This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Joan Jacobs Thomas, Esq. ("Thomas"), appeals an order granting default judgment in her favor in the amount of $12,500.13. She raises two assignments of error:

> 1. The decision of the trial court to not award interest on plaintiff/appellant's claim is against the manifest weight of the evidence and contrary to law.

> 2. The decision of the trial court to award post-judgment interest at the statutory rate as opposed to the rate specified in the written contract of the parties was against the manifest weight of the evidence and contrary to law.

**{¶2}** We find some merit to the appeal, affirm the principal amount of the judgment, but remand the case to the trial court to award post-judgment interest at the contract rate instead of the statutory rate.

## I. Facts and Procedural History

**{¶3}** Defendant-appellee, Brian Laws ("Laws"), retained Thomas to represent him in custody matters in the juvenile division of the Cuyahoga County Common Pleas Court. The parties signed an attorney fee agreement wherein Laws agreed to pay Thomas for legal services at the rate of $250 per hour, and Laws paid a retainer of $2,500. The attorney fee agreement also provided that "[a]ll past due charges w[ould] be charged a 1.5% per month charge on the unpaid balance."

**{¶4}** Thomas later filed a complaint against Laws in the general division of the Cuyahoga County Common Pleas Court, alleging that he breached the parties' attorney

fee agreement by failing to pay for legal services rendered. Thomas further alleged that Laws owed her a total of $25,201.40, including interest, pursuant to the terms of the agreement. (Complaint ¶ 5-6.)

**{¶5}** Laws failed to plead or otherwise defend himself, and Thomas filed a motion for default judgment, requesting judgment in the amount of $25,201.40, "along with statutory interest," as well as costs of the action. (Default Judgment at 1.) The court called the case for a default hearing at which Thomas appeared through counsel. Laws failed to appear even though he was properly served with process. Accordingly, the court granted Thomas's motion for default and entered judgment in her favor "in the amount of $12,500.13 together with interest at the statutory rate from the date of judgment and court costs." (Judgment Entry.) Thomas now appeals the trial court's judgment.

## II. Law and Analysis

### A. Accrued Contract Interest

**{¶6}** In the first assignment of error, Thomas argues the trial court erred in failing to award the appropriate rate of interest on her damages claim. She contends the court erroneously failed to include interest at a rate of "1.5% per month" on the unpaid balance as provided in the parties' agreement.

**{¶7}** R.C. 1343.03, which governs interest rates on contracts and other written instruments, provides, in relevant part:

(A)   In cases * * * when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any

settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*

(Emphasis added.)

{¶8} Thus, where a contract provides an interest rate on money due and owing to a creditor, the interest rate provided in the contract is the applicable interest rate to be applied according to the terms of the contract. In this case, Laws agreed to pay interest at the rate of 1.5% per month on unpaid attorney fees. Therefore, Thomas is entitled to interest at that rate.

{¶9} Thomas attached a single unverified invoice to the complaint showing accrued interest in the amount of $5,173.28. She provided neither an affidavit verifying the amount of the interest nor an itemization of services performed, hours worked, or bills sent to Laws for payment. Although a defaulting party admits liability by forfeiting a defense to liability, the plaintiff must nevertheless establish damages. *Reinbolt v. Kern*, 183 Ohio App.3d 287, 2009-Ohio-3492, 916 N.E.2d 1100, ¶ 27 (6th Dist.); *McIntosh v. Willis*, 12th Dist. Butler No. CA2004-03-076, 2005-Ohio-1925, ¶ 10.

{¶10} Thomas requested damages in the amount of $25,201.40 plus interest. The trial court awarded $12,500.13, plus "interest at the statutory rate from the date of judgment and court costs." The trial court did not make any findings regarding the

damages in the record.[1]   Although the docket shows the court held a default hearing, there is no transcript of the hearing in the record from which we can evaluate the trial court's calculations.   The record is also devoid of any dates on which services were rendered or on which bills were sent to Laws in order to determine the accuracy of the amount of claimed interest.

{¶11} The appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *see also Stancik v. Hersch*, 8th Dist. Cuyahoga No. 97501, 2012-Ohio-1955.   In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision.  *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. Cuyahoga No. 97446, 2012-Ohio-1646, ¶ 6.

{¶12} We find no evidence in the record demonstrating that the trial court's damages determination was against the manifest weight of the evidence because there exists no evidence in the record apart from the parties' fee agreement and an unverified invoice that does not even show an itemized break down of the charges and interest.

{¶13} Accordingly, the first assignment of error is overruled.

---

[1]   A trial court rendering a default judgment pursuant to Civ.R. 55 is not required to support its damages award with findings.   *Henry v. Richardson*, 193 Ohio App.3d 375, 2011-Ohio-2098, 951 N.E.2d 1123, ¶ 9 (12th Dist.). Civ.R. 52, which governs findings of the court, states that "[f]indings of fact and conclusions of law required by this rule and by Rule 41(B)(2) are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56."

## B.  Post-judgment Interest

**{¶14}** In the second assignment of error, Thomas argues the trial court erred in awarding post-judgment interest at the statutory rate as opposed to the rate specified in the parties' contract.   She contends the court's order charging interest at the statutory rate is contrary to law.

**{¶15}** Where two parties have contractually agreed to a percentage of interest to be paid on money due and payable under a contract, that percentage is also applicable to any interest accruing on a judgment arising from the underlying transaction.   *Shelly Materials, Inc. v. Great Lakes Crushing, Ltd.*, 11th Dist. Portage No.  2013-P-0016, 2013-Ohio-5654, ¶ 59; *see also Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144,  486 N.E.2d 1229 (10th Dist.1985).   Thus, "a judgment creditor is entitled to an interest rate in excess of the statutory rate when (1) the parties have a written contract, and (2) that contract provides an interest rate for money that becomes due and payable."   *Shelly Materials*, *Inc.*, citing *Ohio Neighborhood Fin. Inc. v. Massey*, 10th Dist. Franklin Nos. 10AP-1020 and 10AP-1121, 2011-Ohio-2165, ¶ 19.

**{¶16}** The trial court's journal entry granting the default judgment ordered interest on the judgment at the statutory rate instead of the rate provided in the parties' agreement.  This mistake is contrary to law.   We therefore sustain the second assignment of error.

## III.  Conclusion

**{¶17}** The trial court's award of $12,500.13 is not against the manifest weight of the evidence even though the parties' agreement provided a monthly interest rate of 1.5

percent on any delinquent attorney fee bills. Although the trial court held a default hearing, there is no transcript of the hearing in the record, and the record contains no verified evidence on which to evaluate the trial court's calculations. We must, therefore, presume regularity. *Tisco Trading USA, Inc.*, 8th Dist. Cuyahoga No. 97446, 2012-Ohio-1646, at ¶ 6.

**{¶18}** The trial court erred, however, in awarding post-judgment interest at the statutory rate instead of the interest rate agreed to by the parties as provided in the parties' agreement.

**{¶19}** Accordingly, we affirm that trial court's award of $12,500.13, reverse the court's award of interest at the statutory rate, and remand the case to the trial court to award post-judgment interest at the rate of 1.5 percent per month as provided in the parties' attorney fee agreement.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR