[Cite as *State v. Gunnels*, 2019-Ohio-2822.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                                     No. 107351

    v. :

KEVIN GUNNELS, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                  AND REMANDED
**RELEASED AND JOURNALIZED:** July 11, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-623902-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Steven N. Szelagiewicz, Assistant
Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} High on PCP and driving in excess of 100 m.p.h. down a city street, defendant-appellant Kevin Gunnels hit and killed two innocent people, Adrian Stradford and Connie Anderson. Gunnels pleaded guilty to two counts of aggravated

vehicular homicide, both felonies of the first degree. Gunnels also pleaded guilty to three misdemeanors — two counts of criminal damaging related to the vehicles involved in the collision and one count of driving while under the influence of alcohol or drugs. For each aggravated vehicular homicide count, the trial court sentenced Gunnels to 8 years in prison and ordered consecutive service for a total term of 16 years. The court imposed concurrent sentences for the misdemeanor counts that subsumed into the larger sentence.

{¶ 2} At the sentencing hearing, the court also imposed sentence on Gunnels in a second case which was pending at the time of the fatal accident. In that case, Gunnels had pleaded guilty to one count of felony domestic violence after punching a woman in the face. The court sentenced Gunnels to one year in prison and ordered that sentence to run consecutive to the 16-year term in the other case for a total sentence of 17 years in prison.

{¶ 3} On appeal, Gunnels raises three assignments of error, arguing the trial court erred by imposing consecutive sentences,[1] by denying his request for a mitigation of penalty report and by failing to calculate his jail-time credit. For the

---

[1] We note that Gunnels does not appeal from his conviction in Cuyahoga C.P. No. CR-17-622236-A, the domestic violence case nor did he include the sentencing journal entry from that case as part of the record in this appeal. Nevertheless, as mentioned, Gunnels was sentenced in both cases at the same hearing, the transcript of which is part of the record. Our review of the transcript reflects that the trial court made the required findings before imposing consecutive sentences. *See* R.C. 2929.14(C)(4). The appellant bears the burden on appeal of demonstrating any error by reference to the record of proceedings before the trial court. *Thomas v. Laws*, 8th Dist. Cuyahoga No. 104710, 2016-Ohio-8491, ¶ 11. Therefore, we presume that the sentence was appropriate in the domestic violence case. *See id.* (we presume regularity in the absence of a complete and adequate record on review).

reasons that follow, we affirm Gunnels' sentence and find no error in the court's denial of his request for a mitigation report, however, we reverse and remand the case for the court to determine and journalize his jail-time credit.

**Law and Analysis**

**Consecutive Sentences**

{¶ 4} In the first assignment of error, Gunnels challenges the imposition of consecutive sentences. He concedes that the trial court made the appropriate findings to impose consecutive sentences, but argues that the record does not support those findings. We disagree.

{¶ 5} R.C. 2929.14(C)(4) requires a trial court to make specific findings before imposing consecutive sentences and to incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. A trial court is not, however, required to articulate reasons in support of its decision to impose consecutive sentences. *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 6} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Venes*, 2013-Ohio-

1891, 992 N.E.2d 453, ¶ 21 (8th Dist.) ("This is an extremely deferential standard of review.").

{¶ 7} Review of the record reflects that the high-speed crash and resulting deaths was not an isolated incident of criminal behavior. As previously stated, Gunnels committed these crimes while he had a pending felony domestic violence case. Moreover, we note that Gunnels did not have a valid driver's license at the time of the crash, nor at any other time in his life. The prosecutor indicated Gunnels did have a valid temporary driver's license at one point, but that it was suspended in 1993.

{¶ 8} Beyond these offenses, Gunnels also has an extensive criminal history. Before the court imposed consecutive sentences, it discussed Gunnels' previous DUI and domestic violence convictions. It further outlined his criminal history dating back to 1993 that included a multitude of felony convictions.

{¶ 9} The court addressed Gunnels directly: "[y]ou keep on hurting people and leaving a trail of victims, three of them today." Speaking about the two cases presently before the court, the court declared "[t]hese are completely fault-free victims. This is completely tragic."

{¶ 10} Following our review of the record, we are unable to find that the record does not support consecutive sentences. We overrule the first assignment of error.

**Mitigation Report**

{¶ 11} In the second assignment of error, Gunnels argues that the trial court erred by denying his request for a penalty mitigation report. We disagree.

{¶ 12} R.C. 2947.06 grants a trial court discretion to order a psychological report in support of sentence mitigation. *State v. Pinkney*, 8th Dist. Cuyahoga No. 91861, 2010-Ohio-237, ¶ 21. R.C. 2947.06(B) in relevant part provides:

> The court may appoint not more than two psychologists or psychiatrists to make any reports concerning the defendant that the court requires for the purpose of determining the disposition of the case.

{¶ 13} Thus, "[i]t is within the court's sound discretion to determine whether additional expert services 'are reasonably necessary for the proper representation of a defendant' at the sentencing hearing." *Pinkney* at ¶ 21, quoting *State v. Esparza*, 39 Ohio St.3d 8, 11, 529 N.E.2d 192 (1988).

{¶ 14} Here, the trial court ordered a presentence investigation report ("PSI") pursuant to Gunnels' pending domestic violence case. Prior to sentencing, Gunnels requested a penalty mitigation report. The court responded "I['ve] got a PSI. It's current. Mandatory time. * * * [Y]ou'll have every opportunity to offer anything that you'd like for me to consider for mitigatory purposes * * *."

{¶ 15} Gunnels argues that the trial court abused its discretion by denying his request for a penalty mitigation report because he was "involved in special education," taking medication for "various conditions" and "wanted substance abuse treatment." Gunnels admits this was all "mentioned" in the PSI and thus considered by the court at sentencing. Gunnels' claim is simply that the court

committed error by not preventing these "offender characteristics" from being "developed" beyond the PSI. However, beyond this statement Gunnels presents no argument or basis by which we can conclude as much. We find no abuse of discretion.

{¶ 16} We overrule this assignment of error.

**Jail-Time Credit**

{¶ 17} In the third assignment of error, Gunnels argues that the trial court erred by failing to determine the correct amount jail-time credit he was due. The state concedes the error. We agree.

{¶ 18} R.C. 2929.19(B)(2)(h)(i) requires the trial court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *."

{¶ 19} At sentencing the trial court stated Gunnels would receive "[c]redit for time served." The court's sentencing journal entry further reflects "[j]ail credit days to date to be calculated by the sheriff." *Compare State v. Washington*, 1st Dist. Hamilton No. C-140315, 2015-Ohio-1815, ¶ 10 ("Ohio Adm.Code 5120-2-04 provides that the sentencing court must 'make a factual determination of the number of days credit to which the offender is entitled by law to have credited' and requires that such information 'be included within the journal entry imposing the sentence * * *.").

{¶ 20} We sustain this assignment of error.

**{¶ 21}** Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR