[Cite as *In re A.A.B.*, 2024-Ohio-587.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE A.A.B.                                         :

Minor Child                                          :                    No. 113044

[Appeal by M.D.B., Father]                           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 15, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA22205736

---

*Appearances:*

M.D.B., *pro se.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} M.D.B. ("Father"), pro se, appeals from the juvenile court's judgments rendered after an evidentiary hearing on June 13, 2023, and a sanctions hearing on July 18, 2023. Father contends that "[t]he trial court violated the United States Constitution, [Fifth] Amendment, by failing to grant [him] the right to have his matters heard in the proper venue." After a thorough review of the record, we affirm the juvenile court's decisions.

{¶ 2} Father and C.T.M. ("Mother") are the biological parents of G.C.B. and A.A.B., twin boys born in 2016. The record reflects that a shared parenting agreement regarding custody and child support of the boys was filed by the parties on June 3, 2022, and various motions regarding the agreement were filed thereafter by Father and Mother. The matters were transferred to a visiting judge on January 24, 2023.[1]

{¶ 3} At a pretrial on March 21, 2023, Father claimed that he had entered a "special appearance" to contest the jurisdiction of the visiting judge to hear or decide any issues in the case because he did not consent to the jurisdiction of the visiting judge and such assignment was in violation of his due process rights. The juvenile court found that Father was not entitled to special appearance status because although Civ.R. 3(B) allows an attorney to make a special appearance to contest a court's jurisdiction, Father is not an attorney. The judge also noted that he was sitting by assignment of the Ohio Supreme Court and accordingly, denied Father's motion asserting that the judge had no jurisdiction to decide the case. Father filed three affidavits for disqualification of the visiting judge in the Ohio Supreme Court, all of which were dismissed by the Supreme Court. Father also filed a motion for change of venue to federal court, which the trial judge denied.

{¶ 4} The trial court set the matter for an evidentiary hearing on June 13, 2023, regarding the various pending motions, including (1) Father's motion to

---

[1] Each boy was assigned a separate case number but the matters were heard jointly by the visiting judge.

terminate child support of $377.89 per month per child; (2) Mother's motion to show cause regarding Father's interference with parenting time; (3) Mother's motion to modify the shared parenting plan; and (4) Father's filing of a "special appearance."

{¶ 5} Prior to the evidentiary hearing, the trial court ordered Father and Mother to produce certain financial and insurance information, including copies of federal tax returns for the prior three years, W-2's, pay stubs, and health insurance premiums, as well as documentation regarding proof of income and child support paid in the past 12 months.

{¶ 6} Father and Mother appeared pro se at the evidentiary hearing, and an assistant prosecuting attorney appeared on behalf of the Cuyahoga County Child Support Enforcement Agency. In its journal entry issued after the hearing, the trial judge found that although Mother complied with the trial court's order and produced various financial documents, Father produced no documents.

{¶ 7} The trial court also found that although Father was given an opportunity at the hearing to make an opening statement, call witnesses, cross-examine witnesses, present his case, object to exhibits, make a closing argument, and answer questions from the court, he "chose not to exercise those opportunities." Instead, Father repeatedly stated that the court had no jurisdiction, he had entered a "special appearance," the visiting judge had no authority to hear the motions, he did not consent to a visiting judge, and he was being denied due process and a fair trial.

{¶ 8} Mother testified at the hearing and presented exhibits. After the hearing, the trial court issued a judgment entry adopting the parties' June 3, 2022 parenting agreement with several modifications. The trial court found that "Mother has shown a change of circumstances" that warranted the modifications, and that "Father's continued non-cooperation, threats, and failure to respond makes such modification necessary and in the best interest of [A.A.B.] and [G.C.B.]." The trial court dismissed Father's motions for failure to prosecute. It further found Father in contempt for interfering with Mother's parenting time and ordered that a separate hearing would be held to determine sanctions. At the sanctions hearing held on July 18, 2023, the trial court ordered Father to serve 15 days in the Cuyahoga County Jail and pay a fine of $150 and costs for each child, suspended. The court ordered that the sanctions could be purged if Father obeyed all court orders for a period of one year from the date of the court's filing of its journal entry. Father now appeals.

{¶ 9} Father contends that the trial court's judgment entry rendered after the evidentiary hearing should be reversed because "[t]he trial court violated the United States Constitution, [Fifth] Amendment, by failing to grant [him] the right to have his matters heard in the proper venue." He argues that the trial court violated his due process rights because although he filed "timely-filed motions and objections," he was "ignored and silenced in the trial court," and judgment was entered in favor of Mother, thereby violating his due process rights. We find no due process violation.

{¶ 10} "The essence of procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard." *Huntington Natl. Bank v. 5777 Grant, L.L.C.*, 2014-Ohio-5154, 24 N.E.3d 609, ¶ 16 (8th Dist.) "Due process of law implies, in its most comprehensive sense, the right of the person affected to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved." *Williams v. Dollison*, 62 Ohio St.2d 297, 299, 405 N.E.2d 714 (1980). What constitutes due process depends on the facts of each case. *Huntington Natl. Bank* at *id.*, citing *Ohio Assn. of Pub. School Emp. AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. of Edn.*, 68 Ohio St.3d 175, 177, 624 N.E.2d 1943 (1994).

{¶ 11} Father is a pro se litigant. As such, he is "presumed to have knowledge of the law and legal procedures, and [is] held to the same standard as litigants who are represented by counsel." *Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7, citing *In re Application of Black Fork Wind Energy, L.L.C.,* 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

{¶ 12} Further, App.R. 16(A)(7) requires an appellant to include within his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *Walsh v. Walsh*, 8th Dist. Cuyahoga No. 112341, 2023-

Ohio-1675, ¶ 9-11, citing *Giannini v. Maston*, 7th Dist. Mahoning No. 02 CA 107, 2003-Ohio-1237, ¶ 9. "Appellate courts are not advocates." *Walsh* at ¶ 10. The appellant, rather than the appellate court, bears the burden of constructing the necessary legal arguments that support the designated assignments of error. *Id.*, citing *Doe v. Cuyahoga Cty. Comm. College*, 8th Dist. Cuyahoga No. 110590 2022-Ohio-527, ¶ 26.

{¶ 13} Father's appellate brief seems to allege a denial of due process simply because the juvenile court did not rule in his favor on various issues in the case. Our review of the record, however, demonstrates that the court carefully considered the law and facts before rendering its various rulings. For example, although Father contends the juvenile court erred in ruling that he did not enter a "special appearance" to contest the court's jurisdiction, it is apparent that Civ.R. 3(B) states that "an *attorney's* role may be limited in scope * * * if that scope if specifically described in a 'Notice of Limited Appearance' stating that the limited appearance has been authorized by the party for whom the appearance is made * * *." (Emphasis added.) Father is not an attorney and, thus, as the juvenile court properly found, he did not enter a "special appearance" to contest the court's jurisdiction.

{¶ 14} Father appeared as a pro se litigant and as such, could indeed contest the court's jurisdiction. However, Father's repeated assertions that he was denied due process because the visiting judge did not have authority to hear and decide the case is without merit. Father cites no legal authority for this argument. He also ignores the fact that the Ohio Supreme Court denied his requests to disqualify the

visiting judge *three times*, each time issuing an opinion explaining its ruling. Thus, it cannot be said that Father was not given a reasonable opportunity to be heard on the issue of the visiting judge's authority to hear and decide the case. The fact that the Ohio Supreme Court found, over Father's objections, that the visiting judge had the authority to decide the case does not demonstrate that Father's due process rights were violated.

{¶ 15} Father also fails to demonstrate that he was denied due process because the case was not transferred to federal court as he requested. Father does not direct us to anywhere in the record that supports his contention that removal was necessary because the custody and support issues involved in the case "required the review of a venue that hears constitutional matters only." And, in any event, Father's argument that the case should have been transferred to a federal court is nonsensical because at the conclusion of his appellate brief, he asks us to return the matter to the same juvenile court (not a federal court) for a new trial.

{¶ 16} Finally, Father's assertion that the juvenile court's judgment entry violates his due process rights is without merit because he did not submit the transcript of the proceedings of which he now complains. An appellant bears the burden of demonstrating error on appeal by reference to the record of the proceedings below. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. *Thomas v. Laws*, 8th Dist.

Cuyahoga No. 104710, 2016-Ohio-8491, ¶ 10, citing *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 8th Dist. Cuyahoga No. 97446, 2012-Ohio-1646, ¶ 6. Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and the judgment entered by the court. *Bohrer v. Bakers Square Restaurant*, 8th Dist. Cuyahoga No. 88143, 2007-Ohio-2223, ¶ 5.

{¶ 17} The record reflects that the juvenile court held a hearing on the record regarding Father's and Mother's various pending motions. No transcript of this hearing was provided for our review. Accordingly, we presume the regularity of the juvenile court proceedings and affirm the court's decision adopting the parenting plan as modified and finding Father in contempt. Likewise, because no transcript was provided of the sanctions hearing on July 18, 2023, we affirm the court's judgment imposing jail time and a fine as sanctions for Father's contempt.

{¶ 18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR