[Cite as *D.S.K. v. T.J.K.*, 2025-Ohio-1372.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

D.S.K.,                                         :

       Plaintiff-Appellee,              :

                                                          No. 114444

       v.                                           :

T.J.K.,                                         :

       Defendant-Appellant.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 17, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-24-400160

---

### *Appearances:*

Karen Thomas Boehnlein and Leslie S. Graske, *for appellee.*

T.J.K., *pro se.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, T.J.K. ("Husband"), pro se, appeals a judgment entry of divorce and claims the following errors:

1. The trial court erred in its division of marital property, failing to adhere to the principles of equitable distribution as required by Ohio law.

2. The trial court abused its discretion in determining custody arrangements, not considering the best interest of the child adequately.

3. The trial court overstated the defendant's income by $20,000 annually. He makes $40,000, not $60,000.

In the absence of either a transcript of the trial proceedings or an App.R. 9(C) statement, we presume regularity of the trial proceedings and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 2} Husband and plaintiff-appellee, D.S.K. ("Wife"), were married on September 18, 2018, and they had one child, J.K. (d.o.b. 10/22/21), born as issue of the marriage. Wife filed a complaint for divorce in June 2024, alleging that she and Husband were not compatible. In July 2024, Wife filed a "motion to vacate," asking the court to order Husband to vacate the marital residence because he allegedly engaged in "aggressive behavior" that was "causing emotional and mental stress" to Wife and the parties' minor child. (Motion to vacate p. 1.)

{¶ 3} In August 2024, Wife filed a parenting certificate, certifying that she completed online parenting education for divorcing families. Husband did not file a similar parenting certificate. Nevertheless, the divorce was uncontested, and the court held an uncontested final hearing on September 10, 2024. Following the hearing, the court issued a final judgment entry of divorce wherein the court divided the parties' marital property, designated Wife the sole residential parent and legal custodian of the parties' minor child, and ordered Husband to pay Wife monthly child support in the amount of $715.58. This appeal followed.

## II. Law and Analysis

## A. Standard of Review

{¶ 4} Domestic relations courts must have discretion to do what is equitable upon the facts and circumstances of each divorce case. *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989). We, therefore, will not disturb a trial court's judgment in a domestic relations case absent an abuse of discretion. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 130 (1989).

{¶ 5} An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. A court abuses its discretion "when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside of the legally permissible range of choices." *State v. Hackett*, 2020-Ohio-6699, ¶ 19. This court has also held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.).

{¶ 6} There is no abuse of discretion where the record contains competent, credible evidence to support the trial court's decision. *A.E. v. J.E.*, 2024-Ohio-2644, ¶ 26 (8th Dist.), citing *Trolli v. Trolli*, 2015-Ohio-4487, ¶ 29 (8th Dist.), citing *Kapadia v. Kapadia*, 2011-Ohio-2255, ¶ 24 (8th Dist.). When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Vannucci v. Schneider*, 2018-Ohio-1294, ¶ 22 (8th Dist.).

## B. Marital Property

{¶ 7} In the first assignment of error, Husband argues the trial court erred in dividing the parties' marital property.

{¶ 8} The determination of whether property is marital or separate is a mixed question of law and fact that will not be reversed unless it is against the manifest weight of the evidence. *Kobal v. Kobal*, 2018-Ohio-1755, ¶ 27 (8th Dist.). Once the characterization of property is made, the trial court must divide the marital and separate property equitably between the spouses, in accordance with R.C. 3105.171(B). *Hertzfeld v. Hertzfeld*, 2023-Ohio-4411, ¶ 23 (8th Dist.). Marital property is generally divided equally, unless an equal division would be inequitable, in which case the property must be divided in the manner the trial court determines equitable. *Id.*

{¶ 9} Husband argues the division of marital property unfairly favored Wife because it failed to take into account Husband's payments to Wife totaling $37,474.00 for the mortgage and other home-improvement expenses. Husband also argues that the trial court's valuation of the marital residence is not an accurate valuation. However, Husband failed to file a transcript of the September 10, 2024 hearing. He also failed to submit a statement of evidence pursuant to App.R. 9(C). As the appellant, Husband had a duty to provide a transcript of the trial proceedings for appellate review because the appellant bears the burden of demonstrating error by reference to matters in the record. *In re A.A.B.*, 2024-Ohio-587, ¶ 16 (8th Dist.), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see also*

*Pedra Properties, L.L.C. v. Justmann*, 2015-Ohio-5427, ¶ 15 (8th Dist.) ("[T]he appellant . . . is responsible for providing this court with the complete record of the facts, testimony and evidentiary matters necessary to support his assignment of error so that we can properly evaluate the trial court's decision.").

{¶ 10} In the absence of a transcript or other evidence, we have no way of assessing Husband's arguments, and we have no choice but to presume the validity of the trial court's judgment. *Gilles v. Castelli*, 2025-Ohio-460, ¶ 11 (8th Dist.), quoting *Knapp* ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶ 11} Accordingly, the first assignment of error is overruled.

### C. Custody and Child Support

{¶ 12} In the second assignment of error, Husband seems to be arguing that he was entitled to shared custody of the parties' minor child. He contends that shared parenting is in the child's best interests. In the third assignment of error, Husband argues that if he were awarded shared custody, he would not be obligated to pay any child support because the parties would have equal time with their child and Wife's income is higher than his. Husband also argues the trial court erroneously found that he earns $60,000 per year when his actual income is $40,000 per year. He contends the court's error resulted in a higher amount of child support than he can afford with his actual income.

**{¶ 13}** When deciding which parent should have custody of minor children in a divorce proceeding, a trial court is required to consider the best interests of the children. *Rowe v. Franklin*, 105 Ohio App.3d 176, 178-179 (1st Dist. 1995), citing R.C. 3109.04(F). R.C. 3109.04(F) provides a nonexhaustive list of factors the trial court must consider in determining the best interests of the child. *Id*. at 179; *see also* R.C. 3105.21(A).

**{¶ 14}** The trial court stated in the judgment entry of divorce that it found it to be in the minor child's best interest that Wife be designated the sole residential parent and legal custodian of the child. The judgment entry of divorce also states that the trial court considered "all relevant factors, including but not limited to, the factors set forth in Ohio Revised Code § 3109.04(F)."

**{¶ 15}** The trial court found that Husband earns $60,000 per year and used that figure to calculate his child-support obligation. The trial court did not state its basis for finding that Husband earns $60,000 per year as opposed to the $40,000 he claims to earn each year. The trial court also did not provide a detailed analysis of the R.C. 3109.04(F) factors to illustrate how it reached its conclusions. However, again, because Husband failed to either file a transcript of the trial proceedings or an App.R. 9(C) statement, we have no choice but to presume that the trial court's findings are appropriate. *Rocky River v. Sanford El*, 2023-Ohio-4534, ¶ 6 (8th Dist.), citing *Knapp,* 61 Ohio St.2d 197 at 199. "[W]e must 'presume that the trial court considered all the evidence and arguments raised' and that sufficient evidence was presented to support the trial court's decision." *Id*. at ¶ 6, quoting *Miranda v.*

*Saratoga Diagnostics*, 2012-Ohio-2633, ¶ 26 (8th Dist.); citing *Bartko v. Bartko*, 2020-Ohio-4302, ¶ 15 (8th Dist.), citing *Bakhtiar v. Saghafi*, 2016-Ohio-8052, ¶ 3 (8th Dist.) ("In the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision.").

{¶ 16} The second and third assignments of error are overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
EMANUELLA D. GROVES, J., CONCUR