[Cite as *In re C.J.F.*, 2025-Ohio-4677.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE C.J.F. | : | |
| | : | No. 114881 |
| A Minor Child | : | |
| | : | |
| [Appeal by M.W.S., Father] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 9, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA24106916

*Appearances:*

M.W.S., *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} Appellant M.W.S. ("Father") appeals the juvenile court's ruling allowing A.D.F. ("Mother") to claim their child, C.J.F., as a dependent for tax purposes. For the reasons stated below, we affirm the trial court's ruling.

**I. Facts**

{¶ 2} Father and Mother are the parents of one child together, C.J.F., born on December 9, 2020. Father and Mother were never married, and their

relationship was short lived.  Father established paternity on May 24, 2021, and has been paying child support since August 24, 2021.

## II. Procedural History

{¶ 3} On June 28, 2024, Father filed a motion with the juvenile court to determine custody, shared parenting, and parenting time.  Father and Mother were able to reach agreements on all issues raised in Father's motion except they could not agree on who will claim C.J.F. as a dependent for tax purposes.  On January 27, 2025, the juvenile court held a hearing on Father's motion, limited to determining which parent may claim C.J.F. as a dependent for tax purposes.

{¶ 4} On January 30, 2025, the magistrate issued a decision.  The decision, in relevant part, was as follows:

> The Court finds that the parties have knowingly and voluntarily entered into an agreement regarding shared parenting which is attached as Exhibit A and incorporated herein.
>
> The terms of the agreement are as follows: Mother, [A.D.F.], and Father, [M.W.S.], are designated as the residential parents and legal custodians of [C.J.F.].  Mother, [A.D.F.], is designated as the residential parent for school purposes only.  The child shall reside primarily with Mother.
>
> The Court finds that the parties were not in agreement regarding which parent should be entitled to claim the child on his or her taxes each year.  By agreement of the parties, the Court conducted a limited trial on this issue.
>
> The Court heard sworn testimony from Father, [M.W.S.].
>
> Pursuant to O.R.C. Section 3119.82, "[i]n cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility

of either or both parents for federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children." The Court considered these factors based on the evidence and testimony presented.

Upon due consideration, the Court finds that Mother, [A.D.F.], shall be entitled to claim the child for all tax purposes for all eligible tax years.

{¶ 5} On February 11, 2025, Father filed an objection to the magistrate's decision. On March 12, 2025, the juvenile court overruled Father's objection to the magistrate's decision, but the juvenile court did not have jurisdiction to rule on the objection because Father filed this appeal on March 3, 2025. *See In re S.J.*, 2005-Ohio-3215, ¶ 9. We remanded sua sponte to allow the juvenile court to issue a ruling on the objections and cure any jurisdictional impediment to the appeal. *See In re D.C.*, 2015-Ohio-3038, ¶ 14 (8th Dist.), citing *Madfan, Inc. v. Makris*, 2015-Ohio-1316, ¶ 11 (8th Dist.); *In re Strickler*, 2010-Ohio-2277, ¶ 5 (9th Dist.). On August 28, 2025, after an independent review of the matter, the juvenile court reissued the order overruling Father's objection and adopted the magistrate's decision that entered judgment in favor of Mother.

{¶ 6} On appeal, Father raises a single assignment of error for our review:

The lower Court erred in denying the father's entitlement to claim the child for all tax purposes and the decision is against the manifest weight of the evidence and testimony, they inappropriately adopted the 4th sentence of ORC 3119.82 as support for their decision in lieu of the 3rd sentence of ORC 3119.82 that actually supports the testimony and evidence presented at the hearing.

### III. Law and Analysis

{¶ 7} In his sole assignment of error, Father contends that the juvenile court's decision is against the manifest weight of the evidence and that the court applied the incorrect statutory provision in its analysis. Specifically, Father maintains that the juvenile court relied on the fourth sentence of R.C. 3119.82 when it should have applied the third sentence. Father further asserts that the juvenile court failed to fully consider the evidence that he presented.

{¶ 8} Courts consider all portions of R.C. 3119.82 when determining which parent can claim a child as a dependent for tax purposes. Pursuant to R.C. 3119.82, if parties do not agree which parent can claim the child as a dependent for federal income tax purposes, the juvenile court may permit the nonresidential parent to claim the child only if the court determines that this furthers the best interest of the child and the payments for child support are substantially current as ordered by the court for the year in which the child will be claimed as a dependent. The factors to be considered by the juvenile court when making a best-interest determination are found in R.C. 3119.82. These factors include: any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶ 9} The magistrate's decision stated that the "Court considered [the R.C. 3119.82] factors based on the evidence and testimony presented." Father

specifically asked this court to review the application of R.C. 3119.82 and the evidence presented. However, we cannot conduct this review because Father did not file a transcript of the hearing with the juvenile court.

{¶ 10} In this case, Father failed to file the transcript after he filed objections to the magistrate's decision. Juv.R. 40(D)(3)(b)(iii) requires that a transcript of the hearing must be filed with the juvenile court within 30 days of filing objections to the magistrate's decision. "'Where an objecting party fails to file a transcript, the juvenile court is required to "adopt the factual findings of the magistrate" and . . . is limited to reviewing the magistrate's conclusions of law.'" *In re A.G.*, 2025-Ohio-4371, ¶ 12 (8th Dist.), quoting *In re Ry.T.*, 2023-Ohio-12, ¶ 22 (8th Dist.), quoting *In re G.J.A.*, 2019-Ohio-1768, ¶ 20 (8th Dist.). Therefore, the juvenile court was limited to reviewing the magistrate's conclusions of law.

{¶ 11} Father later filed the transcript with this court. However, because Father failed to provide a transcript of the proceedings to the juvenile court, we are "'precluded from considering the transcript of the magistrate's hearing submitted with the appellate record.'" *In re A.G.* at ¶ 17, quoting *In re R.O.*, 2025-Ohio-374, ¶ 23 (8th Dist.). Therefore, we are precluded from reviewing the statutory factors outlined and we must rely on the magistrate's determination.

{¶ 12} Without a transcript to review, we are limited to presuming the regularity of the juvenile court proceedings. *Tisco Trading USA, Inc. v. Cleveland Metal Exchange, Ltd.*, 2012-Ohio-1646, ¶ 6 (8th Dist.). We have previously found that

[i]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision. *Bohrer v. Bakers Square Restaurant*, 8th Dist. No. 88143, 2007 Ohio 2223, ¶ 5, citing *Corsaro, Giganti & Assoc. v. Stanley*, 8th Dist. No. 77201, 2000 Ohio App. LEXIS 4299, (Sept. 21, 2000). Allegations raised in an appellate brief are not sufficient to overcome the presumption of regularity in a trial court's proceedings and judgment entered by the court. *Bohrer* at ¶ 5, citing *Corsaro*.

*Id.*

{¶ 13} In addition, Father's status as a pro se litigant does not excuse his failure to file the transcript with the juvenile court. In Ohio, "pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes." *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). In this case, that consequence is our inability to review the record for manifest weight because the transcript was not filed in the juvenile court. Furthermore, we are precluded from reviewing the R.C. 3119.82 factors as outlined in Father's assignment of error.

{¶ 14} In conclusion, pursuant to *Tisco Trading USA, Inc.*, we presume the regularity of both the magistrate's decision to allow Mother to claim C.J.F. for tax purposes and the juvenile court's adoption of the magistrate's decision and denial of Father's objections. Father has not rebutted that presumption.

{¶ 15} For the reasons stated above, we cannot say that the trial court's decision to allow Mother to claim C.J.F. for tax purposes was against the manifest weight of the evidence.

{¶ 16} Father's single assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

DEENA R. CALABRESE, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR